### CAN'T SLIP COLLAR BAR CO. v. C. R. HETTEL JEWELRY CO.

(Circuit Court of Appeals, Eighth Circuit. August 26, 1920.)

No. 5490.

Patents ☞328—1,265,214, for improvements in a collar clasp, held not infringed.

The Kunz patent, No. 1,265,214, for improvements in a collar clasp, the claims of which were limited by the patentee, to avoid the prior art cited by the Patent Office, to the specific construction in which the teeth passed on opposite sides of the bar, *held* not infringed.

Appeal from the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Suit by the Can't Slip Collar Bar Company against the C. R. Hettel Jewelry Company for infringement of a patent. From a decree dismissing the bill of complaint, plaintiff appeals. Affirmed.

Alfred A. Eicks, of St. Louis, Mo., for appellant.

Edwin E. Huffman, of St. Louis, Mo., for appellee.

Before HOOK and CARLAND, Circuit Judges, and VAN VALKENBURGH, District Judge.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

HOOK, Circuit Judge. This is a suit for infringement of patent No. 1,265,214 to Kunz, May 7, 1918, for improvements in a collar clasp. On final hearing the trial court dismissed the bill of complaint, and plaintiff, the assignee of Kunz, appealed.

The invention claimed in the patent relates to improvements in the common collar pin or clasp, consisting principally of a curved bar and two spring members back of it, arranged to engage and support the ends or wings of a soft collar. In order to avoid the prior art, the Patent Office required Kunz to narrow each claim of the patent to his particular specific arrangement of the projecting teeth on the rear or spring members of the clasp. He acquiesced in the ruling, and specified that the teeth straddled the bar. In other words, to quote from the patent specifications:

"The teeth are so shaped as to pass on the sides of the bar, and when the clasp is in its normal position, and not applied on the collar, the outer teeth will project slightly above the outer surface of the bar."

In defendant's device there is a tooth at each extreme end of the bar, which under like circumstances lies between two teeth on the end of the corresponding spring or clamping member of the clasp. Consistently with the ruling of the Patent Office on the prior art, and the limitations imposed on Kunz and accepted by him in order to get his patent, the spring teeth of defendant neither pass on the sides of the bar nor straddle it. The conclusion that defendant's clasp does not infringe is so plain as not to require discussion, and it makes it unnecessary to consider whether the patent in suit is void for want of novelty.

The decree is affirmed.